UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GINA MCNEIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00737-SEB-MG |
| ) | |
| OMNI HOTELS MANAGEMENT ) | |
| CORPORATION d/b/a OMNI SEVERIN ) | |
| HOTEL, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MOTIONS**

Defendant Omni Hotels Management Corporation d/b/a Omni Severin Hotel ("Omni") removed this action to our court on the basis of diversity jurisdiction. Now before the Court are Plaintiff Gina McNeil's ("Ms. McNeil") Motion to Remand, dkt. 9, and Motion to Strike, dkt. 11. For the reasons discussed below, Ms. McNeil's Motion to Remand, dkt. 9, is **GRANTED**, and her Motion to Strike, dkt. 11, is **DENIED**.

**BACKGROUND**

In February 2018, Ms. McNeil filed a Complaint against Omni and its former Co-Defendant City of Indianapolis (the "City") in the Marion Superior Court, seeking damages for a July 2016 incident resulting in her arrest and removal from the Omni Hotel premises in downtown Indianapolis. (The underlying factual details are not otherwise relevant to our resolution of the instant motion.) Ms. McNeil's Complaint asserts state causes of action for negligence, libel, slander, false arrest, and breach of contract.

On January 9, 2023, the state trial court granted Omni's and the City's respective motions for summary judgment. Ms. McNeil timely appealed, and the Indiana Court of Appeals "affirm[ed] the trial court's order granting the City's motion for summary judgment, reverse[d] the order granting Omni's motion for summary judgment, and remand[ed] for further proceedings." *McNeil v. Omni Hotels Mgmt. Corp.*, No. 23A-CT-268, 2023 WL 7104769, at *6 (Ind. Ct. App. Oct. 27, 2023). Thereafter, on December 15, 2023, Omni unsuccessfully petitioned for rehearing with the Indiana Court of Appeals. Dkt. 1-2 at 332. On April 4, 2024, the Indiana Supreme Court denied Omni's petition for transfer. *McNeil v. Omni Severin Hotel*, 232 N.E.3d 644 (Ind. 2024).

On April 29, 2024, Omni removed this lawsuit to federal court, asserting that the dismissal of the City (i.e., the only, non-diverse Defendant) created complete diversity of citizenship entitling it to litigate in this forum. Dkt. 1. According to Omni's Notice of Removal, Ms. McNeil is a citizen of Indiana; Omni is a citizen of Delaware and Texas; and the amount in controversy, as evidenced (in part) by Ms. McNeil's settlement demands, exceeds $75,000.00, exclusive of interests and costs. *Id.* at 2–4.

On May 17, 2024, Ms. McNeil moved to remand, arguing, *inter alia*, that Omni's removal was not timely. Dkt. 9. On June 14, 2024, Ms. McNeil also moved to strike Omni's references and submissions relating to prior settlement discussions between the parties. Dkt. 11. These motions are briefed, albeit without the benefit of Ms. McNeil's replies, and are now ripe for ruling.

2

## LEGAL STANDARD

A defendant may remove to federal court any action filed in state court that could have been filed originally in federal court. 28 U.S.C. § 1441(a). As relevant here, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different States." *Id.* § 1332(a)(1).

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). A case may not, however, be removed on the basis of diversity jurisdiction "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

The removing party bears the burden of establishing that federal jurisdiction exists. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). In evaluating a motion to remand, courts presume the validity of the plaintiff's chosen forum and are required to resolve any jurisdictional doubt in favor of remand. *Id.*

## DISCUSSION

Ms. McNeil argues that a remand is required here because Omni removed this case more than one year after the date it commenced, in violation of § 1446(c)(1). Omni maintains that, the one-year deadline notwithstanding, removal was proper under § 1446(c)(1)

3

because Ms. McNeil's bad faith prevented this case's removal within the thirty days following its becoming removable.

I.     **Motion to Strike**

Before turning to Ms. McNeil's Motion to Remand, we briefly address her request that Omni's amount-in-controversy allegations referencing prior settlement negotiations be stricken from the record. Dkt. 11. Ms. McNeil argues that the Indiana Rules for Alternative Dispute Resolution and the Indiana Rules of Evidence prohibit the introduction of "[o]ral statements, comments, or remarks 'made to the mediator during mediation . . . . " Dkt. 12 at 3–4 (quoting *Horner v. Carter*, 981 N.E.2d 1210, 1213 (Ind. 2013)). Therefore, she argues, Omni's reliance on any settlement-related communications to support its amount-in-controversy allegations was improper and must be stricken.

Ms. McNeil's arguments are misplaced for two reasons. First, it is the Federal Rules of Evidence, "not provisions of state law, [that] govern the admissibility of evidence in federal court." *Park v. City of Chicago*, 297 F.3d 606, 611 (7th Cir. 2002). Although Federal Rule of Evidence 408, like its state corollary, bars the introduction of settlement negotiations intended "to prove liability for or invalidity of the claim or its amount," such evidence "can be," and often is, "considered 'to show the stakes' when determining whether the amount in controversy is met." *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) (quoting *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)). Therefore, Omni permissibly relied on Ms. McNeil's settlement demands to substantiate its amount in controversy allegations. As such, Ms. McNeil's Motion to Strike, dkt. 11, is **DENIED**.

## II. Motion to Remand

Because Omni's removal was initiated "more than 1 year after commencement of th[is] action," a remand must be ordered unless Omni successfully demonstrates that Ms. McNeil "acted in bad faith in order to prevent" removal. 28 U.S.C. § 1446(c)(1). Although the Seventh Circuit has not outlined the precise contours of "bad faith" in the removal context, courts in our Circuit understand § 1446(c)(1) to "require[ ] a causal link showing that [the] plaintiff has acted in bad faith *in order to prevent* a defendant from removing an action." *Craig & Landreth, Inc. v. Protective Prop. & Cas. Co.*, No. 4:23-cv-00162-TWP-KMB, 2024 WL 379821, at *5 & n.6 (S.D. Ind. Feb. 1, 2024) (quoting *Doe I v. Certiphi Screening, Inc.*, No. 1:21-cv-2620-RLM-DLP, 2022 WL 4235334, at *2 (S.D. Ind. Sept. 14, 2022) (emphasis in original) (internal quotation marks omitted)).

Here, Omni contends that Ms. McNeil acted in bad faith (1) by refusing to stipulate to the amount in controversy; and (2) by initially naming the City, a non-diverse defendant, against whom she had no viable legal claim. We address each argument in turn.

### A. Amount in Controversy

When a "notice of removal is filed more than 1 year after the commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." 28 U.S.C. § 1446(c)(3)(B). As recognized by other courts within this Circuit, the mere fact that a plaintiff has not disclosed an amount in damages within the one-year removal deadline does not, in and of itself, demonstrate bad faith. *Huffman v. Draghici*, No. 2:16-cv-446, 2017 WL 4296966, at *3 (N.D. Ind. Sept. 28, 2017). This is especially true where the

5

removing party adduces no evidence to show that it specifically inquired about the amount in controversy or the possibility of removal, or that the plaintiff declined to furnish such information upon request, within the one-year window. *Id.*; *see Keller v. Nationstar Mortg. LLC*, No. 1:24-cv-01389-TWP-KMB, 2024 WL 4834034, at *4 (S.D. Ind. Nov. 20, 2024) (rejecting argument that a plaintiff's failure to disclose amount in damages before one-year deadline evinces bad faith).

In its Notice of Removal, Omni avers that Ms. McNeil's asserted injuries include "close to $1,000,000" in lost business revenue and more than $4,000 in medical bills. Dkt. 1 at 3. In addition, Ms. McNeil, according to Omni, "demanded $750,000" to settle her claims. *Id.* Omni argues that § 1446(c)(3)(B) permits its delayed removal because Ms. McNeil has been "deliberately coy about what her damages are" and has refused to stipulate that she is not seeking damages in excess of the $75,000 jurisdictional threshold. Dkt. 10 at 13. Ms. McNeil's "deliberate failure to disclose an amount in controversy," Omni maintains, "stymied any chance of timely removal." *Id.*

Whatever might be said about the legal sufficiency of Omni's amount-in-controversy allegations, Omni offers no evidence that Ms. McNeil's asserted damages were unknown to it within one year of this action's commencement, even though it did not become removable until much later based on diversity of citizenship, nor does Omni explain how Ms. McNeil's purported recalcitrance hindered its ability to timely remove. Although Omni argues that Ms. McNeil's "behavior . . . required [it] to file multiple motions to compel on the issue" of damages, it fails to disclose any details whatsoever about *when* those efforts

were made, *what* information it gained, and *how* Ms. McNeil's "behavior" delayed Omni from timely removing her complaint. *Id.*

Still, Omni contends, Ms. McNeil's bad faith is evidenced by her nonresponse to its May 17, 2024, email—authored *after* Ms. McNeil had moved to remand this case—asking her to stipulate that the amount in controversy is less than $75,000. Dkt. 10-1. Omni does not elaborate on how Ms. McNeil's nonresponse reflects an attempt by her to prevent a timely removal, given that this correspondence postdates both the one-year deadline as well as Omni's April 29, 2024, removal. Further confusing matters, Omni also argues that it was "put on notice" of Ms. McNeil's "exorbitant" demand as early as September 2020. *Id.* Omni does not explain how Ms. McNeil's (unquantified) demand from September 2020—nearly two and a half years after this litigation began—could have possibly thwarted a timely removal.

At bottom, Omni provides no reasonable basis on which we can find that Ms. McNeil acted in bad faith by withholding information about the damages she seeks, never mind that such conduct bears any causal relationship to Omni's tardy removal. As such, Omni has failed to establish that removal was proper under § 1446(c)(3)(B).

### B.     Fraudulent Joinder

Under the fraudulent joinder doctrine, "an out-of-state defendant's 'right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.' " *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992)). Establishing fraudulent joinder requires a showing that the claims against the non-diverse

7

defendant are "objectively groundless." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). "[I]n typical fraudulent joinder cases, the allegedly fraudulent defendant is still in the litigation, and the question is whether a federal court should ignore the presence of that non-diverse defendant and exercise subject matter over the case anyway." *McVey v. Anaplan, Inc.*, No. 19-cv-07770, 2020 WL 5253853, at *3 (N.D. Ill. Sept. 3, 2020). Where, as here, the non-diverse defendant has been dismissed from the litigation, evidence of fraudulent joinder may nonetheless satisfy the showing of bad faith required by § 1446. *See id.*

Omni asserts that Ms. McNeil fraudulently joined the City, thereby evincing bad faith and justifying belated removal. Omni's only evidence to support this theory is the Indiana appellate court's affirmance of summary judgment in favor of the City: In Omni's words, "The appellate court's holding has *per se* established the total non-viability of Plaintiff's claim against the only defendant that was preventing removal here." Dkt. 10 at 15.

We cannot agree with Omni that the mere fact of Ms. McNeil having lost in state court—after diligently pursuing her claims for more than six years—establishes that she initially named the City as a defendant for the impermissible purpose of preventing removal. "Every case will have positions that prevail and ones that don't—without more, being defeated in court is not evidence of bad faith." *Doe I*, 2022 WL 4235334, at *3. Beyond the fact that Ms. McNeil's claims against the City failed on the merits (albeit only after extensive litigation), Omni does not identify or otherwise explain how Ms. McNeil's legal theories were objectively groundless. We, therefore, do not address this issue further. *See Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) ("[I]t is not this court's responsibility to research and construct the parties' arguments.").

The extensive procedural history predating removal further undermines Omni's bad faith argument: Prior to removal, Ms. McNeil diligently pursued her claims against the City by engaging in discovery and exercising her right to appeal the state trial court's entry of summary judgment against her and to continue pressing her claims against the City. Although the Indiana Court of Appeals ultimately affirmed the entry of summary judgment for the City, it did so only after a thorough factual and legal analysis. *McNeil*, 2023 WL 7104769, at *3–4. On this record, there is no reasonable basis to conclude that Ms. McNeil's inclusion of the City was a bad faith tactic undertaken by her to hinder potential removal. Omni's removal—more than six years after the commencement of this action—cannot, and therefore does not, survive scrutiny. A remand shall be ordered accordingly.[1]

## CONCLUSION

For the foregoing reasons, Ms. McNeil's Motion to Remand, dkt. 9, is **GRANTED**, and her Motion to Strike, dkt. 11, is **DENIED**.

The Clerk is **DIRECTED** to **REMAND** this case to the Marion Superior Court under case number 49D02-1802-CT-00747.

IT IS SO ORDERED.

Date:   3/28/2025

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

---

[1] Having resolved the Motion to Remand based on the parties' arguments under § 1446, we do not address the remaining dispute pertaining to the so-called "voluntary/involuntary" rule.

Distribution:

Nathaniel Lee
Lee, Cossell & Feagley LLP
nlee@nleelaw.com

Matthew K. Wollin
STUART & BRANIGIN LLP
mkw@stuartlaw.com